## Case No. 18,119.

### WYTHE v. MYERS.

[3 Sawy. 595; 8 Chi. Leg. News, 280.] [1]

Circuit Court, D. Oregon.    April 10, 1876.

ACTION FOR POSSESSION OF LAND—FRIVOLOUS DEFENSES — COUNTERCLAIM FOR IMPROVEMENTS — WITHHOLDING POSSESSION—DAMAGES—STATUTE OF LIMITATIONS—CITIZENSHIP OF PARTIES.

1. In an action to recover the possession of real property, a statement in the answer of the grounds upon or means by which the defendant claims to be the owner of the property is irrelevant, and may be stricken out on motion.

[Cited in Raymond v. Morrison (Wash.) 37 Pac. 320.]

2. An allegation in the answer to the effect that the defendant derives title to the premises from the administrators of W. H. Willson, it not appearing that said Willson was ever seised or possessed of the property, is frivolous, and may be stricken out on motion.

3. An allegation that the administrators of said Willson conveyed the premises to the defendant's grantors on March 30, 1859, "in obedience to an order of the probate court of Marion county," of March 29, 1859, may be stricken out as frivolous and irrelevant; it not appearing therefrom that said order was duly or lawfully made, or that such court had authority to make the same.

4. The defendant may allege in his answer that he is the owner of the premises in controversy, but if he couples such allegation with a statement of the grounds of his title from which it does not appear that he is such owner, the matter may be stricken out as sham.

5. A counterclaim for permanent improvements should not be pleaded to the whole complaint, but only to so much thereof as to which it is an answer or defense; and it should allege the present value of said improvements, and that they better the condition of the property for the ordinary purposes for which it is used.

6. The right to damages for withholding the possession of real property given by the Oregon Code (sections 313, 318) is equivalent to the action of trespass for mesne profits given by the common law, and includes all damages to which the owner is entitled on account of the wrongful occupation of the premises, as well for waste committed or suffered by the occupant as the value of the use and occupation; such right is a distinct cause of action, and if joined with a claim for possession, should be separately stated.

[Cited in Pengra v. Munz, 29 Fed. 837.]

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission. 8 Chi. Leg. News, 280, contains only a partial report.]

7. Lapse of time short of twenty years is not a bar to an action to recover possession of real property where the defendant claims under a sale by an administrator, except where the sale was made under section 42 of chapter 5 of the Code of 1854, to pay the decedent's debts, and the plaintiff claims under such decedent.

8. If a defendant wishes to contest the citizenship of the parties to an action in the national courts, he must do so by plea in abatement; and such a plea, if joined to one to the merits, may be stricken out, but is not liable to a demurrer.

[This was an action by W. T. Wythe against A. Myers.] Motion to strike out defenses.

Addison C. Gibbs and Ellis Hughes, for plaintiff.

J. Quinn Thornton and W. F. Trimble, for defendant.

DEADY, District Judge. This is an action to recover the possession of lots three and four and a portion of two in block nine, in the town of Salem, together with damages for withholding the same. The complaint alleges that the plaintiff is a citizen of California, and the defendant of Oregon. The answer denies that the defendant is a citizen of Oregon, and in connection with such denial alleges that he is a citizen of California. The answer also contains a denial of the ownership of the plaintiff and his right to the possession. It also contains the following pleas or defenses: (1) That the defendant is the owner of the premises and entitled to the possession of the same; and that he derives title thereto by sundry mesne conveyances from E. M. Barnum and Jesse M. Shepherd, to whom J. G. Willson and C. A. Willson, as administrators of the estate of William H. Willson, conveyed the same on March 30, 1859, "in obedience to an order of the probate court" of the proper county made on March 29 of said year; (2) that permanent improvements of the value of one thousand dollars have been made upon the premises by those under whom the defendant claims "holding the same by the title thus derived adversely to the claim of the plaintiff, in good faith;" (3) that "more than five years had elapsed between the commencement of this action and the time of making the sale by the administrators aforesaid on March 29, 1859," and the making of the conveyances by said administrators to said Barnum and Shepherd "in obedience to an order of the probate court of said Marion county."

The plaintiff moves to strike out each of these three defenses as sham, frivolous and irrelevant. The motion must be allowed. All of the first defense, except the allegation of ownership, is at best a mere statement of the evidence upon which the defendant relies to sustain his claim of ownership, and is therefore irrelevant. But so far as appears, it is also frivolous. How a convey-

ance of the premises by the administrators of William H. Willson, deceased, could vest or pass the title to any one is not apparent. It is nowhere alleged that said William H. ever owned or had any interest in the property, and it might as well be alleged that the defendant derived title from the man in the moon. But admitting that he died seised of it, the plea does not show that the probate court of Marion county ever acquired jurisdiction to direct the administrators to make a conveyance. It is not even alleged that the order was "duly" or "lawfully" made. At the date of this alleged transaction the probate court had authority to order the sale of a decedent's lands to pay his debts, and also to order his administrator to make a conveyance of any part thereof which in his lifetime he had become "bound by contract in writing to convey." Code Or. 1854, cc. 5, 7.

But this defense of ownership in the defendant does not state under which of these provisions this order was made, nor in any way allege or show that the court had authority to make it. Standing by itself, the simple allegation of ownership in the defendant is sufficient and proper; but being coupled with what follows, it must be understood to be only such ownership as such a conveyance would transmit. Thus qualified, it amounts to nothing, and is a sham.

The second defense is frivolous and irrelevant, because it does not appear that such improvements are now of any value, or that they better the condition of the property for the ordinary purposes for which it is owned and used. Neff v. Pennoyer [Case No. 10,-085]. It simply alleges that these improvements cost one thousand dollars. What is their present value, of what they consist, and when they were made does not appear. A counterclaim for permanent improvements is confined to their value at the time of trial, and this value ought to be alleged in the pleading. Civ. Code Or. § 318. Besides this defense, although separately stated, does not refer to the cause of action to which it was intended as an answer. Id. § 72. I suppose it is intended as an answer to the claim for damages for withholding the possession, but it professes to be in answer to the complaint generally. The only excuse for this is, that the claim for damages is stated in the complaint as if it was only an incident of the right to recover the possession. But this is an error. The right to recover the possession of the property and damages for withholding such possession are separate causes of action, which, for convenience and economy may be joined in one complaint. Id. §§ 91, 313, 318. The complaint also alleges that the defendant has unlawfully withheld the possession of the premises for six years, and that the value of the rents, issues and profits during that period is one thousand dollars, which he seeks to recover as something other and dif-

ferent than the five hundred dollars claimed as damages for withholding the possession. The right to damages for withholding the possession of real property given by Civ. Code Or. §§ 313, 318, is equivalent to the action of trespass for mesne profits given by the common law, and includes all damages to which the owner is entitled on account of the wrongful occupation of the property as well for waste committed or suffered by the occupant as the value of the use or occupation. Such right is a distinct cause of action, and while it may be joined with a claim for possession, it should be separately stated.

The third defense assumes that in any action to recover premises held under a sale by an administrator, the lapse of five years from the date of such sale, or a less period than twenty years is a bar to a recovery. But I am not advised that any such act was ever in force in this state. Under the Code of 1854 (section 42, c. 5) property sold by an administrator on the order of a probate court to pay the debts of the decedents, could not be recovered by any one claiming under such decedent after a period of three years. But it does not appear that this plaintiff claims under William H. Willson, whose administrators are alleged to have made this sale. As this statute of limitation applies only to particular cases, the defendant cannot claim the protection of it unless he brings himself within it.

But this defense does not really allege that the defendants are holding under a sale by an administrator. The matter is characterized as "the sale by the administrators aforesaid on March 29, 1859," meaning the transaction mentioned in the first defense, which is not therein alleged to be a sale at all, but simply a conveyance. Now this conveyance, if made by the administrators under any statute of Oregon, must have been made in performance of a contract of sale by the decedent in his lifetime, as provided in chapter 7 of the Oregon Code aforesaid. But as to this class of cases, there never was any special limitation short of twenty years in this state, that I am aware of, and none has been pointed out. The plaintiff also demurs to so much of such answer as denies that the defendant is a citizen of Oregon, and avers that he is a citizen of California, because this is a plea in abatement, and cannot be pleaded in conjunction with a plea to the merits.

At common law a party could not plead at the same time, in abatement and bar, to the same matter. 1 Chit. 491. It has been long held in the national courts that if the defendant disputes the allegation of citizenship in the complaint, he must do so by a plea in abatement, and that this must be done in the order of pleading required by the common law. Jones v. League, 18 How. [59 U. S.] 81. A plea in abatement cannot be filed with other defenses. Spencer v.

Lapsey, 20 How. [61 U. S.] 267. But as these decisions are anterior to the enactment of section 914 of the Revised Statutes, adopting the practice in the state courts, it may be said that the question turns upon whether the pleading is allowed by the law of the state or not. The Oregon Civil Code (section 72) provides that a party may plead as many defenses as he may have, but does not prescribe the order in which they shall be pleaded. The most reasonable inference from this silence is that it was intended that the matter should be left as at common law; or, on account of such silence, the court being at liberty to construe the statute, may adopt the rule of the common law if deemed most convenient and promotive of justice. In Hopwood v. Patterson, 2 Or. 50, the supreme court held that a plea in abatement could not be joined with a plea to the merits.

In Sweet v. Tuttle, 14 N. Y. 468, it was held that the nonjoinder of a defendant could be pleaded with other defenses; and I am not aware that this decision has since been departed from in that state. I think the rule laid down by the supreme court of this state the better one, and I suppose under section 914, supra, it furnishes the rule for the practice in this court.

This defense of the citizenship of the parties is one peculiar to the national courts and upon the question of whether it should be made by a plea in abatement, or a simple denial of the allegation in the complaint, the practice in the state courts furnishes no guide. Under these circumstances it is proper to follow the rule laid down by the supreme court, prior to the enactment of section 914, supra, in Jones v. League, supra, and require the objection to be made by a plea in abatement, instead of a mere denial of the allegation in the complaint. Indeed, since the passage of the act of March 3, 1875 (18 Stat. 470), concerning the jurisdiction of the courts of the United States, a mere denial that the defendant is a citizen of Oregon would be immaterial; because by section 1 of that act, this court has jurisdiction, if the controversy is between citizens of different states. It is no longer necessary that one of the parties should be a citizen of the state where the action is brought.

But a demurrer is not the proper proceeding in this case. Matter pleaded in abatement with matter to the merits is deemed waived, and if not withdrawn, may be stricken from the files of the case. The pleading of matter to the merits admits the jurisdiction, and is therefore an implied retraction or withdrawal of matter already or at the same time pleaded in abatement. There is, then, nothing left to demur to. The matter in abatement is not demurrable, because the objection does not appear upon its face, but arises dehors the plea, by reason of the pleading of other defenses which are deemed to supersede it. If not actually

withdrawn, the convenient mode of eliminating it from the case is a motion to strike out. The demurrer is overruled.