WILLIAM STACKUS, RESPONDENT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Railroad crossing — signals — contributory negligence.*

In cases of injury resulting from a collision with a railroad train, it is contributory negligence on the part of the person injured, to attempt to cross the track without looking in both directions, although no signals are given by the approaching trains.

When a traveler approaching a railroad crossing in a covered buggy, with the sides and back of the cover fastened down so that he could not see to his right or left without bending forward, stopped about twenty rods from the crossing and looked to the east in which direction he could see about fifty rods, and then started forward looking toward the west, was injured by a train coming from the east, *held*, that he was guilty of contributory negligence in causing the accident, and should have been nonsuited even if the train gave no signal of its approach.

MOTION by the defendant to set aside a verdict in favor of the plaintiff, upon exceptions taken upon the trial and ordered to be heard in the first instance at General Term.

*D. Pratt*, for the appellant.

*H. V. Howland*, for the respondent.

E. DARWIN SMITH, J. :

The exceptions taken by the defendant's counsel to the denial by the circuit judge of his motion for a nonsuit, made at the close of the evidence in the cause, presents the chief question for our consideration. This motion was based upon two grounds; First, that the plaintiff had failed to show any negligence on the part of the defendants; second, that from the undisputed evidence in the cause, the plaintiff, the driver of the team, was guilty of negligence which contributed to the injury. So far as related to the defendant's negligence there was evidence tending to show that no bell was rung, and the evidence in respect to that question was doubtless sufficiently conflicting to take the case to the jury. Assuming that there was therefore evidence sufficient to warrant the jury in finding that no bell was rung, according to the statute for the required distance, before the defendant's train reached the crossing, the question remains whether the nonsuit should have been granted on the second ground above specified therefor on such motion. In *Ernst* v. *The Hudson Railroad Company* (24 How., 98, where an imperfect report of the case, and opinion of the court appears), it was held that " common prudence forbids the attempt of any person to cross the track of a railroad in constant use, without taking the precaution to *look both ways* upon the track, and see and ascertain that a train is not approaching in either direction, and that the

omission to do so was negligence *per se*, in view of the danger to be avoided and the fatal consequences involved in any accident resulting from such omission, and that when such neglect clearly appeared at the trial, on the part of the plaintiff or of the person whose injury or death furnished the basis for the cause of action, it was the duty of the circuit judge to direct a nonsuit This doctrine was somewhat relaxed in the same case in 33 New York, 10, where it held as one of the head-notes of the case states, that "the traveler was not bound to stop on the highway, or to look up and down an intersecting railway track before crossing, where there were no signals of an approaching train." But the same doctrine is reasserted in substance in the same case in 39 New York, 68, where Judge WOODRUFF states the rule as follows: "A traveler approaching a railroad track is bound to use his eyes and ears, so far as there is opportunity, and when by such use of his senses the traveler might avoid danger, notwithstanding the neglect to give signals or warnings, his omission is *concurring negligence.*" That it is contributory negligence to attempt to cross a railroad track without looking in both directions, though no signals are given, has also been since asserted in the following, and many other cases: *Gorton* v. *The Erie R. R. Co.* (45 N. Y., 660); *Davis* v. *The New York Central and Hudson R. R. Co.* (47 id., 400); *Levy* v. *The Great Western R. R. Co.* (48 id., 675); *Weber* v. *The N. Y. Central R. R. Co.* (58 id., 451); *McGrath* v. *N. Y. Central R. R. Co.* (59 id., 471).

In this case, upon the clear and undisputed evidence, it clearly appears that the plaintiff approached the defendant's railroad crossing, where the accident occurred, riding in a top buggy wagon, and covered also with curtains at the side and back and these were all buttoned down. In sitting in his seat he could not see to his right or left, without bending forward. The highway in which he was travelling ran nearly in the same direction with the railroad and gradually approached the track, and for the last ten rods was nearly parallel with it until it crossed it. As the plaintiff approached the railroad in the highway, travelling to the west, at the distance of about twenty rods from the crossing, he reached a point where the customary sign-board was erected over the high-way and read the words: "*Railroad crossing, look out for the cars.*"

He then stopped a little east of the sign-board, and looked out to the east to see if there was any thing coming, and could then, looking east, see about fifty rods on the railroad track, but saw no cars approaching and then started up his horse forward, moving at the rate of about six miles an hour and looking west without looking eastwardly again, and so shut in by the covering of his buggy that he could not easily look in that direction. He traveled the distance from the place where he stopped, seemingly unconscious that while he was passing the intervening distance to the crossing a railroad train advancing at the rate of thirty miles an hour, five times his rate of speed, would pass one hundred rods while he traveled twenty to the point of intersection of the highway and the railroad track, when he was overtaken by an advancing train from the east and injured. A more palpable case of negligence, it seems to me, can hardly be imagined.

The rule as now established and settled I think in this State, requiring a person approaching a railroad crossing to take the precaution to look both ways and see and ascertain that a train is not approaching before he crosses the track, is a rational rule. It does not require impossibilities; it simply requires him, as Judge WOODRUFF says, " to use his eyes and his ears, so far as there is opportunity." Where a man approaches a railroad track with intent to cross the same, and before he drives or puts his foot upon the track, he can, by the use of his eyes readily see whether it is safe to attempt to cross such track, there is no excuse, ordinarily, I should conceive, for his omission so to use his eyes and avoid the danger and injury his omission to do so may involve. The courts now hold that it is a clear legal duty for a man thus to use his eyes and his ears before he puts his life in peril, and when it clearly appears that if he had done so he would have escaped injury, his omission so to do is clear contributory negligence, and the court should so declare and nonsuit the plaintiff. (*Ernst* v. *N. Y. C. R. R.*, 39 N. Y., 68; *Gorton* v. *Erie R. R. Co.*, 45 id., 660; *McCall* v. *The N. Y. Central and H. R. R. Co.*, 54 id., 642: *Davis* v. *The N. Y. Central and H. R. R. Co.*, 47 id., 400; *Weber* v. *The N. Y. Central and H. R. R. Co.*, 58 id., 455; *McGrath* v. *The N. Y. Central and H. R. R. Co.*, 59 id., 468.) To refuse to nonsuit in such a case is error, for the reason besides it gives the apparent

sanction of the court to the rendition of a verdict, which the court would be bound to set aside.

It is quite clear, we think, that the plaintiff's own negligence contributed to the injury he received, and that he has no cause of action for that reason, and should have been nonsuited.

A new trial should therefore be granted, with costs to abide the event.

New trial granted.

Present — MULLIN, P. J., SMITH and NOXON, JJ.

Judgment reversed and new trial granted, with costs to abide event.