Scott *v.* Metropolitan Elevated R. Co.

(New York Superior Court—General Term, January, 1893.)

In an action against an elevated railroad for past damages to plaintiff's premises, affecting their rental value, caused by the operation of the road, the testimony of a former tenant, that he moved away from the premises in question because they were dark and smoky, is competent and material.

The objection that evidence admitted on the trial was immaterial, cannot be raised for the first time on appeal.

Appeal from judgment of trial term, entered on verdict of a jury, and from order denying motion for new trial.

*Arnold & Green* (*L. H. Arnold, Jr.*, of counsel), for plaintiff (respondent).

*Davies, Short & Townsend* (*Herbert Barry*, of counsel), for defendant (appellant).

Gildersleeve, J.   This is an appeal from a judgment, entered on the verdict of a jury in favor of plaintiff, for the sum of $5,722.87, damages and costs.   The action was brought by William H. Scott, as executor, to recover damages for injury done to premises No. 36 Murray street by the maintenance and operation of defendant's elevated railroad.

The only exception taken by the appellant's counsel to the admission or exclusion of evidence that calls for any discussion, was to the ruling of the learned trial judge in allowing the former tenant to testify as to the motives which influenced him in moving away from the premises.   The question objected to by appellant's counsel, is as follows: " Q. Now, please state to the jury what your reason was for removing from 36 Murray street to your present store in Park place ?" To which answer is made as follows: " A. The reason was, it was dark and smoky; and that was my reason."

The learned counsel for the appellant claimed that the question was incompetent and argumentative, as the grounds for his objection.   No other grounds of objection than those

above stated were raised, and no motion was made to strike out the answer. The objection as to materiality, therefore, cannot now be raised. *Sweet* v. *Tuttle*, 14 N. Y. 471; *Union Seminary* v. *McDonald*, 34 id. 379. It is too late to raise the question of materiality for the first time on appeal, when, if the objection had been interposed on the trial, the plaintiff might, if necessary, have withdrawn the question, and consented that the answer be stricken out.

The witness had given similar testimony before, without objection. He had testified as follows: " Q. After they commenced to build the elevated railroad, what effect did it have on your business there? A. The effect was to make it dark, and the smoke and steam had an effect. We could not stay in there." It cannot, therefore, be said that the appellants were prejudiced by the question and answer under consideration.

We are of opinion that the grounds of objection to the question urged by appellant's counsel cannot be sustained. The question, moreover, was a proper one, since the act of moving, and the reasons therefor, of the character given, were material to the issues. Unless it was error for the tenant to state that the impairment of light, and presence of smoke, due to the maintenance and operation of defendant's elevated railroad, was the cause of his moving away, the objection was properly overruled. It is difficult to see what more material evidence could be produced in support of plaintiff's claim for damages to rental value, than the fact that a tenant moved away from the premises, and the foregoing reasons, from his own lips, why he could not stay. Had the removal been due to some other reason than the presence of the defendant's railroad, the fact of removal would have been immaterial. Where the motive of a witness in performing a particular act, or making a particular declaration, becomes a material issue in a case, or reflects important light upon such issue, he may himself be sworn in regard to it. *McKown* v. *Hunter*, 30 N. Y. 628. It is a general rule in criminal cases, that where the intent is an essential element to constitute a crime for which a

prisoner is on trial, he has the right to testify as to his intent in doing any act which is claimed to prove criminal intent. *Kerrains* v. *People*, 60 N. Y. 221. And the same rule applies to civil actions where the motive or intent becomes material.

The questions of fact arising in the case were properly submitted to the jury, who found in favor of the plaintiff; a fair preponderance of evidence sustains the verdict, and the amount awarded is not excessive.

It follows, therefore, that the judgment and order appealed from must be affirmed, with costs.

McADAM, J., concurs.
Judgment affirmed.