[No. 1925.  Decided May 4, 1896.]

COLUMBIA AND PUGET SOUND RAILROAD COMPANY, *Appellant*, v. HISTOGENETIC MEDICINE COMPANY, *Respondent*.

WITHHOLDING POSSESSION OF REAL PROPERTY — DAMAGES — EVIDENCE
OF RENTAL VALUE.

Although an action for the recovery of damages for the detention of premises may be in form one for trespass, rental value is provable as an element of damages, since, under Code Proc., §§ 214, 534, such an action is treated as if it were one of contract.  (DUNBAR, J., dissents).

Appeal from Superior Court, King County.— Hon. RICHARD OSBORN, Judge.  Reversed.

*A. F. Burleigh, S. H. Piles*, and *J. E. Lilly*, for appellant.

*Stratton, Lewis & Gilman*, for respondent.

The opinion of the court was delivered by

ANDERS, J.— On September 24, 1889, the plaintiff and appellant demised, in writing, to one Emma McClanahan, a portion of lot 4 in block 2 of D. S. Maynard's plat of the town (now city) of Seattle, for the term of five years, at a rental of fifty dollars per month, payable in advance on the 1st day of each and every month.  The lessee went into possession of the premises, erected thereon a three-story building, pursuant to the terms of the lease, and paid the stipulated rent until December 1, 1890, after which date she failed to make further payments.  On December 16, 1890, she and her husband conveyed the building erected on the premises, together with the appurtenances, and especially the right to purchase the land

upon which the building was situated — the same lying and being on the shore of Elliott bay, below ordinary high tide — from the State of Washington, under the provisions of the tide land act of March 26, 1890. On April 17, 1891, appellant began an action in the superior court of King county against Mrs. McClanahan and the tenants occupying the premises, for a forfeiture of the lease and to recover the rent due at the date of filing the complaint. No defense was made to the action, either by Mrs. McClanahan or the tenants who were occupying the premises, but the defendant herein filed a petition in intervention, and was given leave to defend the same. In its petition for intervention the defendant herein expressly disclaimed holding under the lease, or claiming any interest in the premises by virtue of the lease, and claimed to be holding under the rights acquired by Mrs. McClanahan as improver of tide lands and not otherwise. The cause proceeded to trial and a general verdict was returned in favor of the plaintiff and for the amount of rent due at the time of the commencement of the action, and judgment was subsequently entered in accordance with the verdict. An appeal was taken from the judgment, which was finally dismissed on July 20, 1892, and on August 30, 1893, a writ of restitution was issued by the trial court, and, on the following day, the plaintiff was restored to the possession of the premises. This action was brought to recover the damages sustained by plaintiff by reason of the withholding from the time Mrs. McClanahan abandoned the premises and ignored her lease of the property until the plaintiff was restored to the possession thereof.

The complaint sets forth that the plaintiff at all times therein mentioned was, and now is, the owner

of the premises therein described; that the defendant entered into possession of said premises in the month of December, 1890, and continued to occupy the same until the 31st of August, 1893; that the reasonable and fair rental value of said premises at the time mentioned in this complaint was and is $300 per month; that by reason of defendant's withholding the possession of said premises from plaintiff during said twenty-eight months, this plaintiff has been damaged in the sum of $8,400; and judgment was asked for that sum, together with interest and costs. There is no answer to this complaint in the record, but it appears from the statement of counsel in the brief of appellant that an answer was served but not filed, but that it was agreed on the trial that it should be considered as on file, and that it denied that the rental value of the premises was over $50 a month. At the trial the defendant, in open court, admitted the incorporation of the plaintiff. The plaintiff then offered documentary evidence to prove its title to this property, which was admitted without objection. It then offered in evidence the judgment roll in the case wherein this plaintiff was plaintiff and Emma McClanahan and others defendants, and this defendant intervenor, together with the writ of restitution in said cause, by which it sought to prove that the defendants had entered into the possession of the premises in the month of December, 1890, and the plaintiff had not been restored to the possession thereof until the 31st of August, 1893. The plaintiff then produced a witness to testify as to the rental value of said premises during the time mentioned in the complaint. The defendant thereupon objected to the introduction of any evidence as to the rental value of the premises during any of said time, on the ground that the

same was irrelevant and immaterial, and that it appeared by the evidence already introduced in the case that the plaintiff had no cause of action against the defendant. This objection was sustained by the court, · the court being of opinion that from the evidence already introduced plaintiff had no cause of action against the defendant according to the pleadings and proof, but intimating that the pleading might be so amended as to state a cause of action under the evidence. The plaintiff declined to amend its complaint, and a motion for a new trial having been made and overruled, judgment was entered for defendant dismissing the action, from which judgment this appeal is taken.

No demurrer to the complaint has been filed in this case and the learned counsel for respondent concede that the complaint states facts sufficient to constitute a cause of action. They contend, however, that the complaint in form states a cause of action for use and occupation, while the proof introduced was only pertinent to an action in trespass for mesne profits, or, in other words, that plaintiff declared *in assumpsit* for use and occupation, and undertook to prove a case in trespass for mesne profits. On the other hand, appellant claims that the complaint states a cause of action for damages for a deprivation of the use and enjoyment of this property, and that the cause of action stated is in the nature of the common law remedy of trespass for mesne profits. Counsel for the respective parties agree that the common law action for mesne profits can only be maintained after recovery in an action of ejectment or other suitable action to recover possession of the premises. They also agree that an action for use and occupation cannot be main-

tained unless the relation of landlord and tenant exists between the plaintiff and the defendant.

Now, strictly speaking, the complaint in this case does not state a cause of action for use and occupation, for the reason that it fails to aver that the premises were occupied by defendant by permission or as the tenant of plaintiff. 2 Boone, Code Pleading, p. 238; *Sampson v. Shaeffer*, 3 Cal. 196; *Hathaway v. Ryan*, 35 Cal. 188.

But we are of the opinion that it states a cause of action for damages, notwithstanding the objection made by respondent that, on appellant's own theory of the case, it should have alleged that the occupation of the premises was wrongful or unlawful. Inasmuch as that defect, if it be a defect, might have been remedied by motion to make the complaint more definite and certain, and as evidence was introduced without objection, showing that the premises were in fact held adversely to appellant, we think the objection should not now prevail; and the question to be determined is whether rental value can properly be considered as an element of damages, under the statute, and the allegations of the complaint.

Our statute gives a right to damages for withholding the possession of real property for a specified period (Code Proc., §§ 214, 534); and under a statute of Oregon, almost identical with ours, it was held in *Wythe v. Myers*, 3 Sawy. 595, that this right to damages is equivalent to the action of trespass for mesne profits given by the common law, and includes all damages to which the owner is entitled on account of the wrongful occupation of the property, as well for waste committed or suffered by the occupant as the value of the use or occupation. Under the rule there laid down, and which we believe to be entirely in ac-

cordance both with the letter and spirit of our code, appellant had a right to claim and to show the value of the use and occupation of the premises in question. Owing, no doubt, to the change of procedure wrought by the codes in the various states, the action for mesne profits is now "largely treated as if it were one of contract, or for use and occupation;" Sedgwick & Wait on Trials of Title to Land, (2d ed.) § 665; and the general rule is that the measure of damages is the annual value of the land from the time the right of possession accrues; *Id.* §§ 665 to 667. See, also, *Moffatt v. Fisher,* 47 Iowa, 473.

In *Holmes v. Davis,* 19 N. Y. 488, it is said that the measure of damages is that which would obtain *in assumpsit* for use and occupation, and that the compensation is to be adjusted as upon contract, and not upon the footing of a tort. That case, as well as that of *Wythe v. Myers, supra,* is a departure from the doctrine that formerly obtained in that it recognizes and considers the substance of the action rather than the form. The same court, in the later case of *Woodhull v. Rosenthal,* 61 N. Y. at page 394, said:

"The action for mesne profits is now, in substance, an action for use and occupation, and the complaint is to be drawn on that theory; and the court is to render judgment, as in actions of '*assumpsit,*' for use and occupation.'"

And Sedgwick & Wait, in their treatise above referred to, speaking of the difficulty of fixing the exact status of the modern action for mesne profits, in § 649, say:

"It is established by a preponderance of the authorities, that the action has been divested of many of the peculiarities of an action of trespass; or rather that it has acquired the characteristics of an action *ex contractu,* and the recovery in the modern practice is

largely regulated by the principles governing actions upon contract as distinguished from actions of pure tort."

In New York the statute gives the plaintiff in ejectment the right to damages for withholding the property, and it was there held in *Wallace v. Berdell,* 101 N. Y. 13 (3 N. E. 769), that the ancient technical term "mesne profits" means, under the code of that state, the, rents and profits, or the value of the use and occupation of the real property recovered, and that mesne profits consist of the net rents after deducting all necessary repairs and taxes, or the net rental value, or the value of the use and occupation, that is, all of which the party from whom possession has been withheld is deprived.

The authorities which we have cited clearly show that, while the action for damages in cases like the present may be in form for trespass, the damages are adjusted according to "principles governing actions upon contract." And in this case, therefore, appellant is entitled to recover any and all damages it has suffered by the wrongful withholding of its property by respondent. It asks only for the fair rental value of the premises, and it was clearly entitled to show such value by any proper evidence; and we think the evidence which was offered and rejected was not inconsistent with the complaint, and was therefore not immaterial or irrelevant.

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

HOYT, C. J., and GORDON, J., concur.

DUNBAR, J., dissents.