## (June 21, 1960)

■ ABRAHAM RUBIN et al., Respondents, v. NEMENIVA ANDINO, Appellant.

APPEAL from an order of the Supreme Court at Special Term, entered December 17, 1959, in Bronx County, which granted a motion by plaintiffs for summary judgment under rule 113 of the Rules of Civil Practice and directed an assessment of damages.

MEMORANDUM BY THE COURT. Order dated December 17, 1959, granting plaintiffs' motion for summary judgment reversed on the law and on the facts, with $20 costs and disbursements to defendant-appellant, and the motion denied, with $10 costs. Despite plaintiffs' claim of injuries, issues of fact are raised with respect to whether plaintiffs sustained any injuries or suffered any property damage, or whether they were suffered as a result of the alleged accident. Even the papers in support of plaintiffs' motion indicate the existence of a question of fact. " Consequently the court does not reach the question whether issues of liability otherwise satisfy the rule in Di Sabato v. Soffes (9 A D 2d 297) ". (Ruppert v. Building Materials Dist., 10 A D 2d 621.)

McNALLY, J. (dissenting). In this action for personal injuries, plaintiffs moved for and Special Term granted summary judgment under rule 113 of the Rules of Civil Practice and an assessment of damages. The moving papers indicate that the automobile owned by plaintiff Gloria Rubin and of which the

other plaintiffs were operator and passenger came to a complete stop in obedience to a red light. Defendant's automobile, operated by her son, struck and collided with the rear of plaintiffs' automobile.

At a hearing held before a Referee of the Motor Vehicle Bureau, defendant's son testified that on seeing the red light he brought defendant's automobile to a complete stop within 25 feet of plaintiffs' automobile, released the brake and rolled into plaintiffs' automobile. No affidavit by defendant's son, the operator of her automobile, was submitted on the motion.

The majority have held that issues of fact are raised with respect to whether plaintiffs sustained any injuries or suffered any property damage as a result of the alleged accident, this despite the fact that it does not appear the defendant has availed herself of an inspection of plaintiffs' automobile or a physical examination of the plaintiffs.

The majority hold there is no evidence of injuries or damages although the moving papers allege and the opposition fails to allege factually the contrary, that plaintiff Abraham Rubin suffered a whiplash injury of his neck, sprained back, contusions of nose, fracture of teeth and replacement of teeth, contusion and sprain of chest, stomach and shoulders, shock, severe headaches, dizzy spells, vomiting and loss of weight. Plaintiff Robert Rubin alleges sustained shock, concussion and severe contusion of forehead, traumatic back sprain, contusion and sprain of both knees and sprained neck. Automobile property damage on the part of plaintiff Gloria Rubin in the sum of $65 is alleged and that amount has been paid for repairs.

Defendant has failed to adduce facts establishing a triable issue on liability. That the alleged injuries may be exaggerated cannot obscure the fact that injury and damages have been sustained and the extent thereof is the subject of the assessment provided for in the rule.

The order should be affirmed.

Breitel, J. P., Rabin, Stevens and Noonan, JJ., concur in memorandum; McNally, J., dissents and votes to affirm in opinion.

Order dated December 17, 1959, granting plaintiffs' motion for summary judgment reversed, on the law and on the facts, with $20 costs and disbursements to defendant-appellant, and the motion denied, with $10 costs.