Louisa MacDonald, as Administratrix, etc., of James A. Carroll, Respondent, v. Catherine Kusch, Appellant, Impleaded with John Gardella, Defendant.

Second Department, June 6, 1919.

Negligence — injury to passenger from collision of automobiles — verdict not against weight of evidence — evidence — failure of defendant to call chauffeur — full credit given to testimony of plaintiff's witness as to accident — position of automobiles after accident as not conclusive of place of collision — tort action — verdict against each defendant for stated amount — entry of verdict for lowest amount — new trial on ground that verdict irregular in form — sending jury back to reform irregular verdict.

The plaintiff's intestate while riding as a guest in the automobile of the defendant G. received injuries resulting in his death by a collision between that automobile and another belonging to the defendant K. and operated by her employee. Only one witness of the accident testified. Defendant did not introduce any evidence and K. did not in any way attempt to excuse the failure to call her chauffeur. The accident occurred at a street intersection and was brought about by K.'s automobile turning from a cross street into the street on which the accident occurred immediately in front of G.'s automobile. The point where the deceased was found and the automobile stopped was some eighty-three feet from the street intersection. The only testimony as to the accident showed that the point of collision was at the street intersection and that both automobiles were going fast and that neither one gave any warning signal.

Held, that the failure of the defendant K. to examine her chauffeur entitled the jury to give full credit to testimony on behalf of the plaintiff as to the accident.

That testimony plainly warranted the conclusion that K.'s automobile was negligently managed in attempting to turn from a side street into the main one at high speed, without giving any signal and that, too, practically in front of another automobile approaching in the same direction along the street.

The naked fact that the automobiles came to a stop and the body of the deceased was found at a point eighty-three feet beyond the intersection is not conclusive that the collision actually happened there, there being no evidence that either driver did anything to stop his car.

Accordingly a verdict in favor of the plaintiff was not against the weight of the evidence.

In a tort action against several defendants a verdict cannot be rendered against them separately, that is, against one for one amount and against others or another for another amount.

A verdict attempting to do that must be treated as a verdict against all
such defendants for the smallest amount so found.

Accordingly a sealed verdict " in favor of the plaintiff, against Catherine
Kusch and John Gardella for $9,000 or $4,500 each " should be entered
as one against both defendants for $4,500.

In such a case, where the jury had been discharged prior to the opening
of the sealed verdict, the trial court should grant the defendant's motion
for a new trial upon the ground that the verdict was irregular in form,
and that the jury had evidently misapprehended their power.

Where the jury had not been discharged for the term, at the time of the
opening of such sealed verdict, it seems that it would be proper practice
for the trial justice to at once advise the jury of the irregularity of the
form of their sealed verdict, and of the limitations upon their power in
that respect, and send them back to reconsider and reform their verdict.

APPEAL by the defendant, Catherine Kusch, from a judg-
ment of the Supreme Court in favor of the plaintiff, entered
in the office of the clerk of the county of Richmond on the
20th day of June, 1918, upon the verdict of a jury construed
by the trial justice to be for $9,000, and also from an order
entered in said clerk's office on the 17th day of June, 1918,
denying appellant's motion for a new trial made upon the
minutes.

*Montague Lessler,* for the appellant.

*Richard J. Donovan* [*Herbert D. Cohen* with him on the
brief], for the respondent.

MILLS, J.:

The action was brought to recover damages for the death
of the plaintiff's intestate, as having been caused by the
negligence of both defendants. He was riding as a guest
passenger in the automobile of the defendant Gardella and
was injured by a collision between that automobile and another
one belonging to the defendant Kusch and operated by her
employee on Bay street, Staten Island, on September 5,
1917, at about eleven-thirty P. M., and he died on the twelfth
of that month from the effects of the injuries which he then
and there received. The action was brought by his widow,
as administratrix, to recover damages for his death.

The sole contention of the appellant here is that the verdict
against her was against the evidence in that there was no

substantial evidence that the collision was caused by any neglect on the part of her servant, the driver of her automobile. Only one witness of the accident testified. He, Spindler, was in the Gardella automobile, on the back seat, while the plaintiff's intestate sat therein on the front seat by the side of the driver, the defendant Gardella. Defendants did not introduce any evidence and appellant did not in any way attempt to excuse her failure to call her chauffeur, Buchanan, who was running her automobile. The physical situation, as established by other testimony and unquestioned, is well shown by the diagram, plaintiff's Exhibit 8, and as well by the several photographs in evidence and submitted with the record, which are excellent specimens of their class.

Bay street, upon which the Gardella automobile was going north, runs north and south and is sixty-six feet wide between curbs, with two car tracks in the center part. Vanderbilt avenue comes into Bay street on the west side, but does not cross it. It is forty-four feet wide between curbs. There was a house at the southwest corner of the intersection. After the accident the Gardella automobile was found with its front run into the wall on the west side of Bay street, where the seventeen-foot break is shown on the diagram, the break being also shown in the photographs, which point is eighty-three feet and six inches north of Vanderbilt avenue. Decedent was found lying unconscious at that point on the sidewalk. Appellant's automobile was stopped upon the other side of Bay street, about ten feet further north. Vanderbilt avenue descends into Bay street. From the condition of the two automobiles it was evident that the front of the Gardella automobile had collided with the left rear of the other one.

Spindler's testimony was to the following effect: At the invitation of Gardella he and the decedent, who had been all the evening about at different places at South Beach drinking, entered Gardella'a automobile at about a quarter of eleven, to ride with him as far as Stapleton, Spindler in the rear seat and decedent upon the front seat with Gardella. Spindler soon fell to dozing, which is not remarkable considering that he admits having drunk five glasses of gin during the evening, but as they drew near Vanderbilt avenue, going north along

Bay street, they crossed a railroad track and the jar roused him so that, as they approached Vanderbilt avenue, he was looking about and he saw another automobile, which proved to be that of the defendant Kusch, coming out of that avenue, some five or six feet from the north curb, and as though going to cut in front of the Gardella automobile, which was going along the right-hand or easterly street railroad track, and immediately afterwards something happened to him. Spindler realized nothing more until he found himself coming to consciousness upon the sidewalk and found the two automobiles and decedent situated as above stated. Both automobiles were going fast, and the witness heard no signal from either one.

Of course, upon the failure of appellant to examine her chauffeur, the jury was entitled to give full credit to Spindler's testimony. To my mind that plainly warranted the conclusion that appellant's automobile was negligently managed in attempting to turn from a side street into the main one at a high speed, without giving any signal, and that, too, practically in front of another automobile approaching in the same direction along the street. Moreover, that conduct was in plain violation of the city ordinances, which in such a case require the automobile turning to the left into another street to make the turn beyond, that is, to the right of the center of the intersection, and at no greater speed than four miles an hour. Those ordinances also require such an automobile to give the right of way to another going along a north and south street. (Code of Ordinances [1916], chap. 24, art. 2, §§ 11, 15, 17.)

The point of the appellant's contention that the verdict against her upon the question of negligence is against the evidence is that all the evidence requires the conclusion that the collision happened at the break in the wall some eighty-three feet beyond the street intersection, where the automobiles and the people thrown out were found after the accident, and that, therefore, the accident was not caused by the negligence of the appellant's chauffeur in turning into Bay street, but solely by the subsequent negligence of Gardella in allowing his automobile to run into the rear of appellant's automobile some eighty feet after the turn had

been made. I think, however, that it was competent for the jury to conclude from Spindler's testimony that the something which so cut short his observation and memory occurred immediately after he saw the appellant's automobile turning into Bay street, and that that something was the collision. If the appellant claimed that his recollection was in that respect wrong or confused or unreliable, she had at hand the means of correcting the matter by examining her own chauffeur as a witness, but she chose not to do so. The naked fact that the automobiles came to a stop and the persons of the two men thrown out were found at a point some eighty feet beyond the intersection is by no means conclusive evidence that the collision actually happened there. Indeed, it is quite probable that the automobiles did proceed some distance after their impact, there being no evidence that either driver made any effort to stop his automobile.

I may add that the charge was admirable in every respect.

The jury rendered a sealed verdict " in favor of the plaintiff, against Catherine Kusch and John Gardella for $9,000 or $4,500 each." Appellant's counsel moved to set aside the verdict as to her upon the usual grounds, and especially because it was " irregular in form." Plaintiff's attorney thereupon contended that it was in legal effect a verdict in favor of the plaintiff for $9,000 against both defendants. The trial justice reserved decision upon the latter branch of the motion, but later sustained the plaintiff's contention and construed the verdict as one for $9,000 against both defendants, and it was so entered. To my surprise I find no notice of this matter in either brief, although it is my recollection, perhaps not entirely clear, that something was made of it upon the argument. I have not attempted to look up the authorities upon the subject, but it is in my mind as a well-settled rule of practice that in a tort action against several defendants a verdict cannot be rendered against them separately, that is, against one for one amount and against others or another for another amount, but that a verdict attempting to do that must be treated as a verdict against all such defendants for the smallest amount so found. Therefore, it seems to me that this verdict can stand only as one against both defendants for $4,500. How can it be determined that the jury would have

agreed to any verdict for $9,000 against the appellant, when in their verdict they stated that they found against her for only $4,500? This inquiry is of special practical importance in view of the well-established legal principle that there is no right of contribution between joint tort feasors, and that in such a case as this, if the full verdict of $9,000 was collected from this appellant, she could not in turn recover for part of it from the other defendant. Very likely the proper practice would have been for the learned trial justice to at once have advised the jury of the irregularity in the form of their sealed verdict, and of the limitations upon their power in that respect, and sent them back to their room to reconsider and reform their verdict. But in this instance the jury, by consent of counsel, after delivering their sealed verdict to the officer in charge, had been discharged for the term and it was, therefore, perhaps impracticable to resummon them. Not having taken that course, and neither counsel asked him to take it, I am impressed that all that he could properly do was to enter the verdict as one against both defendants for $4,500 or, better, to grant defendant's motion for a new trial upon the ground that the verdict was irregular in form, and that the jury had evidently misapprehended their power.

I advise, therefore, that the judgment and order appealed from be reversed and a new trial granted, costs to abide the event, unless within twenty days plaintiff stipulate to reduce the verdict to $4,500, in which event the judgment as so modified and the order are affirmed, without costs.

Jenks, P. J., Rich and Kelly, JJ., concurred; Jaycox, J., concurred in the result.

Judgment and order reversed and new trial granted, costs to abide the event, unless within twenty days plaintiff stipulate to reduce the verdict to $4,500, in which event the judgment as so modified and the order are affirmed, without costs.