KATHERINE KAVANAGH, as Administratrix, etc., of JAMES KAVANAGH, Deceased, Respondent, *v.* NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Appellant, Impleaded with Others, Defendants.

Second Department, April 15, 1921.

**Railroads — action to recover for injuries at crossing — New Jersey statute imposing duty to give warning under small penalty to be recovered by common informer — failure to give warning constitutes negligence per se.**

In an action to recover for injuries received at a railroad crossing, the failure of the defendant to sound a warning of the approach of the train was negligence *per se*, where it was provided by a statute of New Jersey that a bell should be rung or a whistle blown as the train approached the crossing under a penalty of twenty dollars for every default, to go in part to a common informer and part to the county, and which provided further, that nothing in the statute should take away any remedy for such neglect from any person injured thereby.

The statute was not designed as a mere police regulation, the violation of which was punishable as a public offense and to which no civil liability attached, but on the contrary was intended to be a minimum duty for the railroad company, and failure to perform it was clearly intended to constitute negligence *per se*, for the penalty therein provided is obviously inadequate to compel performance.

The court properly charged that there was an absolute duty imposed upon the defendant either to blow the whistle or ring the bell at intervals until the crossing was passed.

REARGUMENT of an appeal by the defendant, New York, Ontario and Western Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 26th day of November, 1919, upon the verdict of a jury for $15,000, as amended by an order of said court dated the 24th day of December, 1919, and also from an order entered in said clerk's office on the 3d day of December, 1919, denying defendant's motion for a new trial made upon the minutes. (See 193 App. Div. 957; 194 id. 920.)

*Elbert N. Oakes* [*Thomas Watts* and *John Bright* with him on the brief], for the appellant.

*Edward J. McCrossin* [*R. Percy Chittenden* with him on the brief], for the respondent.

RICH, J.:

It is contended upon the reargument of this appeal that it was reversible error for the court to charge the jury that the ringing of the crossing gong did not relieve defendant from liability, and that the New Jersey statute imposed an absolute duty upon defendant to either sound the whistle or ring the bell at intervals. The statute (N. J. Laws of 1903, chap. 257, § 35) provided, among other things: " A bell of a weight not less than thirty pounds shall be placed on each engine and rung continuously in approaching a grade crossing of a highway, beginning at a distance of at least three hundred yards from the crossing and continuing until the engine has crossed such highway, or a steam whistle, shall be attached to each engine and be sounded, except in cities, at least three hundred yards from the crossing and at intervals until the engine shall have crossed the highway, under penalty of twenty dollars for every default, to be paid by the company operating such road, to be sued for by any informer within ten days after such penalty was incurred, one-half thereof to go to the informer and one-half to the county; provided, that nothing herein shall take away any remedy for such neglect from any person injured thereby." (See 3 N. J. Comp. Stat. 4236, § 35.) It is argued that the

charge of the court took from the jury the right to say when and under what circumstances the defendant had exercised a reasonable degree of care in giving warning of the approach of its train. The question, therefore, resolves itself into whether or not the violation of the statute was negligent *per se* or merely *evidence* of negligence.

There are two principles, within one of which the case at bar must fall. . *First.* Where the Legislature of the State or the legislative body of a municipal corporation, having in view the public safety, or the safety of the individual, commands or forbids the doing of a particular act, the failure to do or refrain from doing the act commanded or prohibited, as the case may be, is negligence *per se.* *Second.* In the case of statutes and ordinances which forbid the doing of acts, the violation of which does not necessarily give any right of action in favor of the individual, *unless the statute or ordinance was designed to prevent such injuries as were suffered by the individual claiming damages.* (1 Thomp. Neg. [2d ed.] §§ 11, 12.)

Thus, if the performance of a duty is enjoined under a penalty, the recovery of this penalty is generally exclusive, and the sole remedy, even though not made payable to the person injured. But this rule is not without its exceptions. If the duty imposed is obviously meant to be a duty to the public, and also to individuals, and the penalty is made payable to the State or to an informer, the right of an individual injured .to maintain an action on the case for a breach of the duty owing to him will be unquestionable. (Cooley Torts [2d ed.], 784, 788.)

So in many jurisdictions the failure to give the statutory signals on the part of a railroad company is held negligent *per se.* (*Chicago & Eastern Illinois R. R. Co.* v. *Boggs,* 101 Ind. 522; *Houston & Texas C. Ry. Co.* v. *Wilson,* 60 Tex. 142; *Western & Atlantic R. R. Co.* v. *Young,* 81 Ga. 397; *Louisville, N. A. & C. R. Co.* v. *Davis,* 7 Ind. App. 222; *McNown* v. *Wabash R'y Co.,* 55 Mo. App. 585; *Nuzum* v. *Railway Co.,* 30 W. Va. 228; *Houston & Texas C. Ry. Co.* v. *Rogers,* 15 Tex. Civ. ·App. 680; *Strother* v. *Railroad Co.,* 47 S. C. 375.) While I am unaware of a New Jersey case squarely holding that the failure to give the statutory signals is negligence *per se,* the cases **do**

hold that under the statute in question the defendant was under a duty either to blow the whistle or ring the bell. (*New York, etc., R. R. Co.* v. *Leaman,* 54 N. J. Law, 202; *Hackett* v. *N. Y., L. E. & W. R. R. Co.,* 58 id. 4; *Bittle* v. *Camden & Atlantic R. R. Co.,* 55 id. 615, 620; *Wilson* v. *Central R. R. Co.,* 88 id. 342, 344.) Thus, in the *Bittle* case, it is said that by force of the statute it became the defendant's duty to ring the bell or blow the whistle. In the *Leaman* case the act in force at that time respecting signals required to be given was under consideration and the court said: " This act, it is perceived, imposes a duty upon a railroad company to do, by their agents in charge of a train, one of two things for the purpose of warning travelers upon highways of the approach of a train — either a whistle which can be heard the required distance is to be blown for at least three hundred yards before crossing until the crossing is effected, or, in default of the blowing of such whistle, a bell of the required weight must be rung for the same distance in the same manner."

The New York cases appear to be conflicting, and far from uniform in their application of the principles enunciated, but broadly speaking they fall into the two classes heretofore adverted to, one of which holds that every person violating a statute is a wrongdoer and negligent in the eyes of the law (*Pitcher* v. *Lennon,* 12 App. Div. 356; *Gorton* v. *Erie Railway Co.,* 45 N. Y. 660; *Renwick* v. *New York Central R. R. Co.,* 36 id. 132; *Cordell* v. *N. Y. C. & H. R. R. R. Co.,* 64 id. 535; *Vandewater* v. *N. Y. & N. E. R. R. Co.,* 135 id. 583; *Marino* v. *Lehmaier,* 173 id. 530; *Lehigh Valley R. Co.* v. *Kilmer,* 231 Fed. Rep. 628, 631); and the other of which holds that the violation of a statute is merely *evidence* of negligence. (*McGrath* v. *N. Y. C. & H. R. R. R. Co.,* 63 N. Y. 522; *Knupfle* v. *Knickerbocker Ice Co.,* 84 id. 488; *McRickard* v. *Flint,* 114 id. 222; *Graham* v. *Manhattan R. Co.,* 149 id. 336; *Fluker* v. *Ziegele Brewing Co.,* 201 id. 40.)

The *Gorton* case holds that the omission to ring the bell or sound the whistle was *per se* negligent; the *Cordell* case approved a charge to the jury that the railroad company, having omitted to ring the bell or sound the whistle before reaching the crossing, was as a matter of law guilty of negligence; the *Vandewater* case by implication holds that where

a duty is imposed upon the company to give the signals, the failure to give them could be regarded as negligent as a matter of law. The case of *Marino* v. *Lehmaier* (*supra*), however, better illustrates the principles adverted to. The defendant was there charged with a violation of the Labor Law, by the employment of a child under fourteen years of age, who was injured in the course of his employment. It was urged in his defense that the violation of the statute did not subject him to civil liability for injuries sustained by the boy. Judge HAIGHT writing for the court said: " There are, doubtless, numerous statutes which prohibit the doing of certain acts, the violation of which is punishable by penalties or as a misdemeanor, in which the wrongdoer may not be civilly liable for damages. We shall not here attempt an enumeration of those statutes or to point out the reasons why civil liability does not attach. Our attention, however, has been called to no statute prohibiting the doing of an act which is dangerous to the life or health of others in which it has been held that the jury may not find negligence."

The other class of cases is where it is held the violation of the statute is not necessarily negligence, but merely evidence of negligence. So, the *McGrath* case held that the violation of a municipal ordinance regulating the speed of trains was merely evidence of negligence; the *Knickerbocker Ice* case held that the violation of an ordinance prohibiting the leaving of horses attached to vehicles standing in the street, unless a person were in charge of the horses, or unless the horses were secured to a tying post, was only evidence of negligence; in the *McRickard* case the failure of an owner of a building to comply with a statutory requirement that an elevator shaft should be protected by a railing and trap doors approved by the superintendent of buildings was held to be evidence of negligence; in the *Graham* case the violation of a statute requiring gates on elevated trains and that they should be closed when the train was in motion was held evidence of negligence. The *Ziegele Brewing Company* case involved the violation of a city ordinance which prohibited any person from using any part of a public street or alley or any public grounds for the deposit of any materials or from allowing same to remain thereon longer than sundown on the same day. It was there held

that the jury should have been instructed that the violation of the ordinance in and of itself was not sufficient to make out negligence against the defendant, but was a circumstance to be taken into account in connection with defendant's negligence. The court said the violation of the ordinance did not subject the wrongdoer to a civil liability for damages, but its disregard was some evidence for the consideration of the jury in passing upon the question of defendant's negligence. Here again, the court is referring to and applying the principle that an ordinance does not necessarily give a right of action for its violation, unless it was designed to prevent such injuries as were suffered by the individual claiming damages. The design of the law-making body in respect to the ordinance under consideration there was clearly to prevent obstruction of the streets and sidewalks, and was not primarily designed to protect the plaintiff, a small boy, who while playing around the kegs which had been piled on the sidewalk struck one of them and caused two others to fall upon him. But it cannot be seriously argued that the statute under consideration in the case at bar was not designed to prevent the very thing which befell plaintiff's intestate. The object of compelling a railroad company to sound a whistle or ring a bell when approaching a crossing is to warn travelers of an approaching peril, and thus to prevent injuries to both the public, and, necessarily, the individual who happens to be approaching the crossing.

In conclusion, the test to be applied seems to be: Was the statute under consideration designed to prevent such injuries as were suffered by the individual claiming damages? If it was, the defendant owed plaintiff's intestate a duty to comply with the statute, and its failure so to do constitutes negligence *per se.*

The statute under consideration, while obviously intended to impose a duty to the public, as well as to individuals, for the violation of which a penalty is provided payable half to the informer and half to the county, nevertheless is within the exception to the rule that where the performance of a duty is enjoined under a penalty, the recovery of the latter is generally exclusive. It was not designed as a mere police regulation, the violation of which was punishable as a pub-

lic offense, and to which no civil liability attached, but on the contrary, was intended to be a minimum duty for the railroad company, a failure to perform which was clearly intended to constitute negligence *per se*, for the penalty therein provided, twenty dollars for every default, is obviously inadequate to compel performance. The implication is, therefore, strong, if not conclusive, that the penalty was meant to be cumulative to such remedy as the common law gives when a duty owing to an individual is neglected. (Cooley Torts [2d ed.], 784.)

The trial court in the case at bar charged there was an absolute duty imposed upon the defendant at the crossing either to blow the whistle or ring the bell at intervals until the crossing was passed. The statute which I have quoted provides, among other things: " that nothing herein shall take away any remedy for such *neglect* from any person injured thereby." The statute itself thus characterizes a failure to do either as " neglect." An absolute duty to do either must have been intended to be imposed, for where a duty exists, a right to have it performed must also exist, and the failure to perform constitutes the " neglect " referred to in the statute. Whether the negligence in this case was the proximate cause of the accident was a question of fact for the jury to determine. It does not appear that the learned trial court failed to submit that question to them. The request of defendant's counsel did not raise that precise question and the charge of the court, therefore, presents no error.

The remainder of appellant's contentions constitutes a repetition of the points heretofore called to our attention on the argument of the appeal, and requires no further discussion.

The judgment and order must, therefore, be affirmed, on reargument, with costs.

Present — JENKS, P. J., RICH, PUTNAM, BLACKMAR and KELLY, JJ.

Judgment and order unanimously affirmed on reargument, with costs.