Charles A. Loreto, J.
Plaintiff was employed by Specialty Machine Company, occupying the sixth and tenth floors in a building at 132 Lafayette Street, Manhattan. The defendants are independent contractors engaged by plaintiff’s employer to clean and wax the floors of its premises.
The claim of the plaintiff is that on September 24, 1955, at about 10:30 in the morning, while walking in the corridor on the sixth floor leading from his employer’s workshop to the building elevator, he slipped and fell on the floor as he attempted to enter the elevator. Plaintiff testified that at 7:30 o ’clock of that morning when he entered his employer’s premises he observed that the floor of linoleum composition was dull, while just prior to his fall it was *1 highly polished ’ ’. After falling he saw a ‘ ‘ skid mark on the floor and around the skid mark was damp, wetness ’ ’. He was asked what he observed about his appearance and his trousers and answered, ‘11 observed that on my knee, my left knee was a wetness and on the cuff of my pants and on my shoes was wet.” At another point, he said, “ I picked up the trousers of my left leg * * * and as I did, I touched the wetness of my knee and found it to be slippery.”
There was testimony in the. ease that the corridors of the sixth and tenth floors were being waxed that morning. The defendant’s proof was that the cleaning and waxing operation had commenced on the tenth floor at 7:30 o’clock and its duration was six to seven hours, and also that the procedure was to spread a liquid nonskid wax with a mop, and after drying for about 15 minutes, to complete the polishing with a mechanical device known as a buffer. There was no testimony as to whether the sixth floor had been waxed prior to plaintiff’s fall. This is the basis on which the case was submitted to the jury, and represents the most favorable interpretation of the evidence in plaintiff’s favor. ■
Plaintiff has recovered a verdict by a vote of 10 to 2. Decision was' reserved on the defendants’ motions to dismiss the complaint for insufficiency of evidence to support the plaintiff’s cause of action made at the end of the plaintiff’s case and again at end of the entire case, and also for a directed verdict.
The fact that a floor is slippery by reason of its smoothness or being “ highly polished ” does not give rise to a cause of action, absent competent proof of negligent application of the wax or polish (Nelson v. Salem Danish Lutheran Church, 270 App. Div. 1030, affd. 296 N. Y. 870). Here there is no showing of a negli *203 gent application of the wax or proof of the presence of deposits, ridges or lumps of wax. The fact that defendants waxed the floor is not, of itself,, proof of negligence and in no manner supplies the deficiency of plaintiff’s proof. (Eisenberg v. Irving Kemp, Inc:, 256 App. Div. 698, 702.)
The condition of the floor as is presented in this case is not sufficient to charge a reasonable prudent person with the duty of foreseeing that one in the exercise of ordinary care using the floor would be exposed to danger (Mona v. Erion, 223 App. Div. 526, 528; Abbott v. Richmond County Country Club, 211 App. Div. 231, affd. 240 N. Y. 693).
Since there is a clear lack of evidence-to support the plaintiff’s cause of action, the court is constrained to set the verdict aside, and grant the defendants ’ motion to' dismiss the complaint.