Charles T. Major, J.
The above claims were filed to recover damages for personal injuries, pain and suffering of Elsa Czirer; and for the wrongful death, conscious pain and suffering of Ladislaus J. Carer which resulted from an automobile accident on the New York State Thruway on March 10,1958.
The New York State Thruway is operated and maintained by the New York State Thruway Authority as a divided toll highway, part of which runs generally easterly between Buffalo and Albany. It has two concrete lanes on the southerly side for *679 eastbound traffic and two on the northerly side for westbound traffic, with a grass mail in the center.
The New York State Thruway Authority, as an independent corporation, wholly owned by the State of New York, is solely liable for its negligence in the maintenance and operation of the Thruway. (Public Authorities Law, tit. 9, art. 2; Easley v. New York State Thruway Auth., 1 N Y 2d 374, 377.)
The attorneys for the claimants and for the State stipulated that both claims herein be tried together, and that the testimony of all witnesses be received in both oases. It was further stipulated that both claims herein be dismissed as to the State of New York as a defendant, and the claims continue as to the New York State Thruway Authority. It was so ordered.
On March 10, 1956, Ladislaus J. Czirer, 67 years of age, a doctor of medicine, was employed as chief pathologist at Willard State Hospital. About noon on that date, Dr. Czirer and Ms wife, Elsa Czirer, left Willard State Hospital destined for Albany, New York, in a 1955 Ford two-door sedan. Dr. Czirer was driving and Ms wife was a passenger sitting at his right in the front seat. They entered the Thruway at Waterloo entrance, and about 2 :Q0 p.m. reached the area of the accident near milepost 200.5, about 52 miles west of the westerly Albany exit.
Elsa Czirer, one of the claimants and only eyewitness, testified that their car was traveling a little under 60 miles per hour, close to the right edge of the pavement, when a sudden gust of wind pushed the oar to the right side of the road, Mrs, Czirer felt a drop into something soft which ‘ ‘ kept back the wheels She saw her husband try to get the car back on the road. He turned the wheel to the left and the car went toward the center of the road and to its edge, then took a sharp turn to the right, left the road, and rolled down the embankment 200 or 300 feet deep.
From the credible evidence, it appears that at the point where the oar left the concrete highway onto the shoulder, there was a drop of 8 to 4% inches from the concrete to the shoulder. No notice or warning was given to the. traveling public of this condition. From this point, the car continued for a distance of 191 feet with the right wheels on the shoulder and the left wheels on the concrete highway, then turned left onto the highway. At the latter point, there was no difference in the elevation of the concrete edge and the shoulder, In trying to get back on the pavement, the driver lost control of the car. After the ear re-entered the highway, it travelled across the driving lane into *680 the passing lane and then turned to the right at an angle of about 40 degrees across the highway to and over the southerly shoulder, through the steel guardrail fence, and rolled down the embankment. The distance which the ear travelled between the point where the car re-entered the highway and left it before going through the guardrail was about 256 feet, with the car still out of control.
The New York State Thruway is a recently constructed and heavily travelled highway upon which a maximum speed of 60 miles per hour is allowed for automobiles. The inspection of this highway was insufficient for a road of this character.
The testimony of Elsa Czirer that a gust of wind pushed the car so that it went onto the shoulder stands alone. The troopers and maintenance supervisor of the area were not in the immediate vicinity at the time of the accident, but stated there was some wind after their arrival at the scene. For a car to leave the highway pavement due to a severe gust of wind as described would constitute an emergency such as to permit the use of the shoulder, but these gusts of wind aré of such a variable nature that more evidence or verification is necessary to constitute adequate proof. This accident was caused by the driver going onto the shoulder and the defective condition of the shoulder. Both the driver and the Thruwav Authority were negligent. There was no negligence on the part of the passenger and she is entitled to recover for her personal injuries.
The negligence of a husband in the operation of his automobile is not imputed to his wife so as to bar a claim for damages for injuries sustained, by her as a passenger due to the negligence of the State in combination with that of her husband. (Thompson v. State of New York, 154 Misc. 707, affd. 247 App. Div. 858; Andersen v. State of New York, 203 Misc. 1100, affd. 282 App. Div. 119.)
As a result of this accident, claimant Elsa Czirer sustained bruises to her left arm, right shoulder, left thigh and knee and left chest wall; laceration of the nose and fracture of the nasal bone; the laceration of the thigh above the left knee required nine silk sutures. She suffered considerable pain as a result of these injuries, including acute sciatic pain on her right side with pressure sensation over the right iliac crest and acute lumbosacral strain. After the sutures were removed from her left thigh, the wound reopened and required additional treatment from a plastic surgeon. The claimant was left with a permanent scar on her left knee, a permanent injury from the depression and deformity of her nasal bones; also prolonged *681 mental shock and nervousness. Her bill at St. Mary’s Hospital was $185.15; Dr. Adam Kinder, $200; and Dr. Martin Wong, plastic surgeon, $25.
The court finds that the Thruway Authority and the driver are jointly liable for this accident, and the claimant Elsa Czirer is free from any negligence.
Both of the above claims against the State of New York are dismissed.
The claim of Hanna Thompson, as administratrix of the goods, chattels and credits of Ladislaus J. Czirer, deceased, against the New York State Thruway Authority is dismissed.
The claimant Elsa Czirer is awarded the total sum of $4,910.15, consisting of $4,500 for personal injuries, temporary and permanent, and for pain and suffering, and $410.15 for hospital and medical expenses, against the New York State Thruway Authority.
The foregoing constitutes the written and signed "decision of this court upon which judgment may he entered. (Civ. Prac. Act, § 440.) Separate judgments are directed accordingly.