■ MARTIN TAUB, Respondent, v. CLINTON TAXI CORPORATION et al., Appellants.— Order, entered February 9, 1965, unanimously reversed, on the law, with $30 costs and disbursements, to appellants, and plaintiff's motion for summary judgment denied. The plaintiff, moving for summary judgment in this action for personal injuries, grounded in negligence, was bound to present a proper factual showing of freedom from contributory negligence. There is no affidavit submitted by the plaintiff himself, and there is no proper showing of what he did in the alleged exercise of due care. Thus, the motion for summary judgment should have been denied. (CPLR 3212, subd. [b]; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3212.03.)  Concur — Botein, P. J., Rabin, Valente, Stevens and Eager, JJ.

■ ANDLOU PROPERTIES, INC., Respondent, v. MARCUS D. GRAYCK, Defendant and ABRAHAM MOSCOVITZ, Appellant.— Order entered December 4, 1964, denying defendant-appellant's motion to dismiss the complaint for insufficiency, unanimously reversed, on the law, with $30 costs and disbursements to defendant-appellant, and the motion granted, with $10 costs, and with leave however to plaintiff to apply to Special Term to serve an amended complaint on proper papers. (*Cushman & Wakefield* v. *John David, Inc.*, 23 A D 2d 827; CPLR 3211, subd. [e].)  The complaint fails to allege facts to support the conclusory allegations of damages.  The first cause of action fails to allege facts supporting the claim that plaintiff would have been entitled to recover the amounts here sought from the insurance companies under the policies in question except for appellant's alleged malpractice.  (Cf. *Vooth* v. *McEachen*, 181 N. Y. 28; *Schmitt* v. *McMillan*, 175 App. Div. 799.)  The second cause of action, against appellant as agent of Howburt Realty, Inc., and others, failed to allege any duty owing to the plaintiff. The third cause of action, grounded on the omission of Grayck, fails to allege facts constituting a cause of action against the appellant.  Concur — Botein, P. J., McNally, Stevens, Eager and Steuer, JJ.

■ SUSAN PADDOCK, an Infant, by MARGARET PADDOCK, Her Guardian ad Litem, et al., Respondents, v. CHURCH OF ST. BARNABAS, WOODLAWN & McLEAN HEIGHTS, INC., Appellant.— Judgment in favor of plaintiffs unanimously reversed, on the law, and the complaint dismissed, with $50 costs to appellant.  Absent from this record, although read most favorably to plaintiffs, is any evidence from which a jury could reasonably find negligent application of the wax, or that the floor became more slippery or otherwise dangerous, as a result of the wax being applied when the floor was dirty. " The fact that a floor is slippery by reason of its smoothness or polish, in the absence of proof of negligent application of the wax or polish, does not give rise to a cause of action. (*Nelson* v. *Salem Danish Lutheran Church*, 270 App. Div. 1030, affd. 296 N. Y. 870) " (*Iorio* v. *Rockland Light & Power Co.*, 274 App. Div. 791; *Elias* v. *Heller*, 23 Misc 2d 201, affd. 16 A D 2d 760.)  The cases cited by plaintiffs involved abnormalities of floor surface not present here.  Concur — Botein, P. J., McNally, Stevens, Eager and Steuer, JJ.