Morton B. Silberman, J.
Plaintiff moves for an order granting summary judgment and directing that damages be assessed by the court and jury.
• This action was brought to recover damages for personal injuries sustained by plaintiff while a passenger seated in the front seat in an automobile owned and operated by the defendant. *239 No other vehicle was involved in the accident. There is no dispute as to the physical facts of the accident. At the time of the accident the plaintiff was asleep. On June 7, 1965, the defendant, at about 2:00 a.m., was operating his vehicle on Boute 59, a State highway, in the westbound lane; the weather was clear and the visibility good; there was no other traffic in the vicinity; the automobile was being' driven at a speed of about 40 to 50 miles per hour; the automobile went off the highway.
In his examination before trial, the defendant accounts for his automobile leaving the highway as follows: “ Q. Will you tell us what occurred? A. Well, the only thing I could say — we went off the road there. I drove too far to the right, and then there was, like, a little drop off from the highway to the side of the road. I came off of that, hitting a guardrail. I couldn’t pull the ear back in. Q. Tell us what you recall directly before your wheels went off the road? A. I don’t recall anything really, except that I was driving along, and just actually went off the side of the road. No cause for it, really. I mean I just actually went off the side of the road. I was a little bit too far. There was no traffic. I didn’t see any cars, and that’s about it.” (Emphasis supplied.)
The defendant’s examination before trial then indicates that the defendant’s automobile, after leaving the highway, struck a guardrail and continued along the guardrail for about 20 feet and came to a stop when it struck a telephone pole. In opposition to the within motion the defendant submits his own affidavit and his attorney’s affidavit. In his own affidavit he reiterates his aforesaid testimony in the examination before trial. The attorney’s affidavit sets forth contentions that the aforesaid facts leave unresolved the issue as to whether the defendant used reasonable precaution to avoid the accident, and that a jury could find that these facts presented a case of unavoidable accident. He also contends that there could be an issue of contributory negligence by the fact that the plaintiff, who had been with the defendant several hours prior to the accident, was asleep at the time of the accident.
In Gerard v. Inglese (11 A D 2d 381) where summary judgment was granted, the facts were very similar to the undisputed facts in the case at bar. In the Gerard case the Appellate Division, Second Department, stated (p. 383): “We are not unmindful that proof merely of the sudden swerving of an automobile from the highway is not prima facie evidence of negligence. [Citing cases.]- Here, however, the proof that appellant’s automobile suddenly got out of control does not stand alone. *240 She herself has furnished the evidence that the accident occurred while she was driving at a speed of from 40 to 45 miles an hour, with one hand on the steering wheel, lighting a cigarette with the other and with her eyes off the road. In view of these admitted facts the inference that her car left the road and that the accident occurred because of her negligence is not only reasonable but is, in our opinion, inescapable in the absence of an explanation consistent with reasonable care.”
In the instant case, from the evidence furnished by the defendant himself, the facts are undisputed that while driving on a State highway at 40 to 50 miles per hour, with good visibility on a clear dry road, with no other traffic in the vicinity, the defendant drove too close to the right shoulder of the highway causing him to lose control of the vehicle, resulting in the vehicle’s striking guardrails and a utility pole and the resultant injuries to the plaintiff passenger who was asleep at the time.
If material facts are in dispute, or if contrary inferences may be drawn reasonably from undisputed facts, the issue is for the fact finders to decide on trial. Where, however, the material facts are not in dispute and no inference other than the negligence of the defendant may be drawn reasonably from such undisputed facts, as in the case at bar, the plaintiff would be entitled to a directed verdict on trial, and thus summary judgment should be granted. (Gerard v. Inglese, op. cit.)
The contention of the defendant’s attorney as to a possible issue of contributory negligence by reason of the plaintiff passenger being asleep is without merit. There is nothing to indicate any active negligence on the part of the plaintiff. Her being asleep at the time of the accident could not as a matter of law create any issue of contributory negligence for the happening of this accident.
The plaintiff’s motion for summary judgment is granted. The matter is to be set down for an assessment of damage by the court and jury. Counsel should communicate with the Calendar Clerk of the court to fix a date for such assessment.