HYMAN COHEN, Plaintiff, *v.* BERNARD BLITZ et al., Defendants.

Civil Court of the City of New York, Special Term, New York County, December 1, 1966.

*Rosen, Lotwin, Kantrowitz, Goldman & Gutin* (*Lester Rosen* of counsel), for plaintiff. *Schaffner & D'Onofrio* (*Lawrence P. Zamzok* of counsel), for defendants.

GUY GILBERT RIBAUDO, J. This is a motion for summary judgment in a negligence action wherein the plaintiff was severely injured by reason of an accident which in the papers submitted by the defendants remains unexplained. The plaintiff, who has a newsstand on the corner of Broadway and 39th Street in the County and City of New York, was injured when a truck operated by the defendant Birnbaum and owned by the other defendant backed into a parking space and struck the newsstand, causing the plaintiff to be thrown to the floor of the newsstand and causing the injuries complained of. The defendant Birnbaum duly filed his report of the accident to the Department of Motor Vehicles and states therein under item 17: " I was backing into curb on Broadway — 39th Street to make a delivery when I hit the newsstand."

After suit was commenced the defendants in their answer interposed a general denial. The opposing papers herein in effect deny liability and submit that there is a question regard-

ing freedom from contributory negligence on the part of the plaintiff. Apart from this brief, perfunctory and conclusory affidavit, executed by one of the attorneys for defendants, the papers are barren of any other statement either by the owner of the truck or the driver as to the particular facts surrounding the accident. The defendants do not make any assertion that the plaintiff could see the truck at the time of the accident, that any signal or warning was given either before or at the time of the actual impact, that the plaintiff did anything that might have contributed to the accident, or that there was some mechanical or physical defect on the part of the truck or driver that caused the contact. Indeed, said defendant's counsel makes no factual showing of any kind. Accordingly, the court finds that liability is clear and that the defendants were solely responsible for the accident and the plaintiff was free from contributory negligence (*Di Sabato* v. *Soffes*, 9 A D 2d 297).

In view of the opposing affidavit the court feels that at this point the subject of "Summary Judgment in Negligence Actions" should be discussed insofar as it affects (1) the condition of court calendars, and (2) whether or not the appellate courts should not now reevaluate the many conflicting opinions in prior actions as to when if at all summary judgment should be granted in a negligence action where there is obviously liability on the part of the defendant.

The court recognizes that whatever was accomplished by the consolidation of the courts in 1962 (and it leaves much to be desired) was the reform of administration and of procedure that inevitably had the Judges bogged down in ancient and outmoded procedures. The annual reports of the Judicial Council of the State of New York (now superseded by the Judicial Conference) conclusively demonstrate that the use of the motion for summary judgment has aided in reducing the amount of cases (jury as well as nonjury) pending in the several courts.

The day finally arrived when an action in negligence was added to the list of actions where a motion for summary judgment could be entertained. Since then a countless number of motions have been brought on and many determinations were made by the lower courts granting summary judgment, only to be reversed by the higher appellate court. Rather than review all the cases, the court would like to refer to three cases wherein the dissenting opinions present the strongest argument that a reevaluation should be had. Either the courts should adopt a more liberal attitude or CPLR 3212 should be amended to delete therefrom actions in negligence.

It is interesting to note that in the case of *Rubin* v. *Andino* (11 A D 2d 663) McNally, J. (dissenting) reminded the majority of the court that absent a triable issue on liability, the damages, if there were any, and the extent thereof were merely a matter for assessment in accordance with the then rule 113 of the Rules of Civil Practice. In *Steinbach* v. *Denker* (13 A D 2d 795) Christ, J. (dissenting) pointed out that the majority of the court agreed that there was no question as to the defendant's negligence but denied summary judgment because defendant claimed there was a sharp conflict as to the force of the impact and the extent of the injuries. He stated further, "There being no question as to liability, rule 113 is explicit that no matter what inquiry may be necessary to determine any issue as to the proper amount or extent of the damages, such inquiry and such issue will not defeat the motion for summary judgment."

Most recently in the case of *Kowgios* v. *Johnson, Drake & Piper* (25 A D 2d 739) Eager, J. (dissenting) stated: "In ' backing' his bulldozer, he either did not look or lost control of the equipment. Absent ' an explanation consistent with reasonable care ', the inference of negligence is inescapable; and the motion for summary judgment was properly granted." He went on to say: "We have heretofore pointed out that ' timidity in exercising the [summary judgment] power in favor of a legitimate claim and against an unmerited one, not alone defeats the ends of justice in a specific case, but contributes to calendar congestion which, in turn, denies to other suitors their rights to prompt determination of their litigation.' (*Di Sabato* v. *Soffes, supra*, p. 299.) Consequently, the summary judgment remedy unhesitatingly should be applied to personal injury cases where the undisputed facts justify a matter of law determination of the issues of negligence and contributory negligence. This is such a case; in fact, to create any issue, it is necessary to speculate as to the reasons for defendant's acts and what plaintiff might or could have done."

The comments regarding CPLR 3212 in New York Civil Practice by Weinstein-Korn-Miller, at paragraph 3212.03 (vol. 4), are most interesting and appear to support the view of this court that this is the time to reevaluate. This court feels that summary judgment in negligence is most desirable as an aid to relieve calendar congestion provided that the courts (on all levels) are not " timid ".

Accordingly, summary judgment is granted in favor of the plaintiff and against both defendants and the issue as to damages is set for an assessment in Trial Term, Part I, of this court on

January 23, 1967. Judgment shall then be entered in accordance with said assessment. Let a copy of this order be served upon the Calendar Clerk without undue delay. If notice of trial has not yet been filed in this action, let it be served and filed promptly.