Robert **MERTENS** and Gertrude Mertens,
Plaintiffs,

v.

**AGWAY, INC., and Earl Schrom,**
Defendants.

No. 66 Civ. 1375.

United States District Court
S. D. New York.

Dec. 22, 1967.

Barry, McTiernan & Congdon, New York City, for plaintiffs, Roger P. McTiernan, and Michael R. Treanor, New York City, of counsel.

McLaughlin, Fiscella & Biancheri, New York City, for defendants, John J. Biancheri, of counsel.

MANSFIELD, District Judge.

In this diversity suit by a husband and wife for personal injuries to both of them caused by an automobile collision in Dutchess County, New York, plaintiffs move pursuant to Rule 56(c), F.R.Civ.P., for summary judgment on the issue of liability. The material facts not in dispute, as revealed in the affidavits of the parties, are as follows:

Shortly after 5:00 P.M. on April 19, 1966, plaintiff Robert Mertens, a Vermont resident, was driving his automobile in a northerly direction on Route 82 in the town of LaGrange, Dutchess County, with his wife, Gertrude Mertens, sitting in the right, front seat as the sole passenger. It was daylight. Although the weather was cloudy, visibility was good and the road was dry. At this stretch in the road, Route 82 is a two-lane hard-surface highway with a double yellow line in the middle separating the two lanes.

As plaintiffs were proceeding northward in their car, Earl Schrom, a New York resident, was driving a 5-ton 1965 Ford Spreader truck southward on the same road. The truck, laden with fertilizer, was owned by the defendant Agway, Inc., a New York corporation, and Schrom was operating it in the course of his employment with Agway. At a point where there was a slight curve in Route 82, the truck swung or drifted across the double yellow line into the opposing lane going at about 30 to 35 miles per hour and hit the plaintiffs' oncoming car, which was located entirely in the opposing lane. The much heavier truck demolished the front end of the small car and after spinning it around continued down the wrong side of the road for 200 feet, plowing into a bank on that side of the road.

At a Motor Vehicle hearing held on February 16, 1967, pursuant to § 510 of the New York State Vehicle and Traffic Law, McKinney's Consol.Laws, c. 71, defendant Schrom testified to the following:

At a point about three or four miles before his truck collided with plaintiffs' car, the truck hit a hole in the road. Thereafter it kept "drifting back and forth" on the road and "several times" across the center line into the opposing lane, with the result that he had difficulty controlling it. He did not stop the truck, however, or turn it into a service station located along the road before coming to the scene of the accident. Instead, he continued to drive the truck southward on Route 82 because it was late and he wanted to reach his destination. Just before the collision his truck drifted across the double yellow line and into the opposing lane and hit the plaintiffs' oncoming car, which was "entirely in its own northbound lane".

Defendant Schrom's version of the accident was corroborated by Andrew R. Bowles, driver of an automobile that was following the truck in its southbound course on Route 82. Bowles testified at the Motor Vehicle hearing that he had followed the truck for "approximately two and a half miles before the scene of the accident", and that "at the time of the accident the truck that was in front of me crossed over into the opposing lane, the northbound lane, and struck another vehicle", which seemed to be "entirely in its own lane at the time of the collision". With respect to the truck's movements prior to the time of the accident, Bowles testified:

"Q At the point where the truck crossed over into the opposing lane, was this an abrupt crossing over or gradual moving over?

"A It looked to me as if the truck were drifting.

"Q Up to that point had you noticed anything unusual about the operation of the truck as you were following it?

"A Yes. The truck prior to that from the time I came up behind it, not too far past Milewood Road, the truck appeared to be drifting over to the left hand side. Not a sharp cutting over and back but it seemed to be drifting and on several occasions crossed over the lines.

It seemed as if the operator were having trouble keeping it in its own lane."

A New York State Police investigator, Henry G. Reimer, testified that at 8:00 P.M. on the evening of the accident, the defendant Schrom gave a description as to the accident that was substantially the same as that later testified to by Schrom, including the fact that his truck "went over into the left hand lane and struck the Mertens' vehicle".

On June 2, 1966, defendant Schrom pleaded guilty before the New York Court of Special Sessions, Dutchess County, Town of LaGrange, to a charge that at the time of the collision he operated his truck in violation of § 1126 of the New York Vehicle and Traffic Law, which provides:

"§ 1126. *No-passing zones*

"(a) When official markings are in place indicating those portions of any highway where overtaking and passing or driving to the left of the roadway would be especially hazardous, no driver of a vehicle proceeding along such highway shall at any time drive on the left side of any pavement markings designed to indicate those portions of any highway where overtaking and passing or driving to the left of the roadway would be especially hazardous."

A double line is a pavement marking designed to indicate that passing to the left of it on the roadway would be especially hazardous.

The Referee in charge of the Motor Vehicle hearing, Burton J. Bloom, found as follows:

"I find that on April 19, 1966, Earl Schrom was operating a motor vehicle in violation of Section 1126(a) of the Vehicle and Traffic Law, in that he drove to the left side of the pavement markings, namely, a double solid dividing line designed to indicate those portions of the highway where passing to the left would be especially hazardous considering the condition of his vehicle at the time of this accident.

"There is evidence in the record that said vehicle might have suffered a defect after it passed over a hole in the road.

"However, I find that Mr. Schrom had knowledge of the defective condition well in advance of the accident, in that he had noticed the drifting of the vehicle over the center of the road on several occasions according to his testimony before arriving at the scene of the accident, but took no steps to correct said defect, although he had passed by a service station immediately before arriving at the scene of the accident.

"I therefore find that he was fully responsible for the violation and knew or should have known that this vehicle was in danger of crossing the road and coming in contact with an oncoming vehicle, and that said violation, therefore, was a willful violation."

Plaintiff Robert E. Mertens sustained serious injuries as a result of the accident which left him unconscious for a long period, and he now suffers from retrograde amnesia, lacking recollection of the accident or the events immediately before or after it. His wife, however, has executed an affidavit stating that at the time of the accident her husband was driving his car at a moderate rate of speed in a northerly direction on Route 82 and that she was reading a book and did not contribute in any way to the happening of the accident.

Defendants do not dispute any of the foregoing evidence nor have they filed any affidavits made on personal knowledge which set forth admissible facts that raise any issues with respect to the sworn proof offered by the plaintiff. Defendants contend, however, that the undisputed proof raises material issues as to (1) whether defendants were negligent, and (2) whether plaintiffs were free from contributory negligence. With respect to defendants' negligence, they suggest the possibility that the "swerving of the motor vehicle was the result of a defective mechanism which was caused by the truck hitting a hole in the road" and point to the finding of the Referee that the "vehicle might have suffered a defect after it passed over a hole in the road" and to testimony of Schrom that he continued driving the truck after it hit the hole because he thought that his "load" could have shifted. With respect to contributory negligence, defendants point to the fact that plaintiffs have failed to answer certain interrogatories asking for distances between the vehicles, the length of time when the defendants' truck was across the lane-divider and the like. Defendants, however, have not offered any proof indicating that the plaintiffs may have been contributorily negligent. On the contrary defendant Schrom's undisputed statement is that plaintiffs' car was proceeding northward entirely in its own lane, and Mrs. Mertens has sworn that it was proceeding at a moderate rate of speed.

The sole question before the Court on this motion is whether on the face of the record there appears to be an absence of any genuine issues of fact. If any such issues exist, the Court cannot try them on this motion but must deny summary relief, and in determining whether any genuine issues of fact are presented, doubts must be resolved against the moving party since each party is entitled to have any such issues resolved by a jury. Summary judgment is rarely granted in personal injury negligence suits for the reason that the existence or non-existence of negligence is a matter to be determined by the jury's application of a "reasonable man standard", with the result that some genuine issues are almost always presented. Carter v. Williams, 361 F.2d 189 (7th Cir. 1966); St. John v. New Amsterdam Cas. Co., 357 F.2d 327 (5th Cir. 1966); Taff v. Singer Sewing Mach. Co., 331 F.2d 405, 407 (5th Cir. 1964); Willetts v. General Tel. Directory Co., 38 F.R.D. 406, 409 (S.D.N.Y.1965); Furlong v. Stichman, 24 F.R.D. 400 (S.D.N.Y.1959). Nevertheless summary judgment has been granted in appropriate cases, e. g., Elasky v. Pennsylvania R.R., 215 F.Supp. 25 (N.D.Ohio 1962); Baroff v. Becker, 197 F.Supp. 9 (E.D.N.Y.1961); Cohen v. Blitz, 52 Misc.2d 345, 275 N.Y.S.2d 614 (Civ.Ct.1966); Martin v. Koehler, 40 Misc.2d 762, 244 N.Y.S.2d 142 (Dist. Ct.1963); Romano v. Bile, 39 Misc.2d 543, 241 N.Y.S.2d 708 (Civ.Ct.1963). Since the 1963 amendment of Rule 56, F.R.Civ.P., the determination of whether a genuine fact issue exists is no longer based upon mere allegations or denials in the pleadings of the parties. The motion must be supported by affidavits setting forth facts that would be admissible in evidence, and an opposing party desiring to raise a fact issue must set forth "specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him".

Applying the above principles here, the record indicates that the plaintiff Gertrude H. Mertens is entitled to summary judgment on the issue of liability for the reason that no genuine material issue of fact remains to be tried with respect to her claim, and that the undisputed facts lead inescapably to the conclusion that the defendants were negligent as a matter of law, that their negligence was the proximate cause of the accident and that she was free from contributory negligence. Under the law of New York, which applies in this diversity suit, the defendant Schrom's violation of § 1126(a) of the New York Vehicle and Traffic Law which was designed for the protection of drivers in

the position of the plaintiffs, constituted negligence *per se.* Corbett v. Scott, 243 N.Y. 66, 152 N.E. 467, 46 A.L.R. 1064 (1926); Kavanagh v. New York, O. & W. Ry., 196 App.Div. 384, 187 N.Y.S. 859 (1921), affd., 233 N.Y. 597, 135 N.E. 933 (1922); Martin v. Herzog, 228 N.Y. 164, 126 N.E. 814 (1920). There is no question about the fact that his unlawful crossing of the double yellow line directly caused the collision. In addition he has admitted under oath that for a distance of more than three miles before the collision he knew that his truck was drifting or swerving over into the other lane, that he had difficulty controlling it, and he did not stop at or turn into a service station for inspection or repair before the collision even though there was a service station located along the way. Under such circumstances the fact that the drifting of the truck may have been caused by a defective mechanism or by a shifting load, is immaterial. The undisputed fact is that Schrom, with knowledge that the truck was behaving dangerously, and in violation of § 1126 (a) of the Vehicle and Traffic Law, continued to.operate it in that condition, and that his negligence was the proximate cause of the accident.

There remains the question of whether a genuine issue of fact is presented as to the plaintiffs' freedom from contributory negligence. With respect to Mrs. Mertens the proof is undisputed that she did not herself contribute in any way to the happening of the accident. Her sworn statement with respect to her knowledge and her conduct at the time of the collision was as follows:

"I was a passenger in my husband's car, which he was driving, and travelling in a northerly direction from my mother's home in Locust, New Jersey, *to our home in Woodstock, Vermont.* As we drove along at a moderate rate of speed, I was reading a book. My next recollections are being in Vasser Brothers Hospital, Poughkeepsie, New York, where my husband and I were taken after the accident.

*  *  *  .  *  *  *

"That at the time of the accident it was broad daylight, being shortly after 5:00 P.M., and the weather and road were clear and dry. That Route 82 in the vicinity of the accident scene is a two lane highway, accomodating [sic] one lane of moving traffic in each direction.

"That no action or conduct on my part contributed to the happening of this accident."

As a guest in her husband's car, Mrs. Mertens was entitled, of course, to recover against the defendants for damages caused as a result of negligence on their part, MacDonald v. Kusch, 188 App.Div. 491, 176 N.Y.S. 823 (1919), regardless of contributory negligence on the part of her husband, which could not be imputed to her. Michelson v. Stulhman, 272 N.Y. 163, 5 N.E.2d 185 (1936); Czirer v. New York State Thruway Authority, 22 Misc.2d 678, 202 N.Y.S.2d 480 (Ct.Cl.1960). New York courts have held that a passenger who goes to sleep under similar circumstances is as a matter of law not guilty of contributory negligence. Lindsell v. Knobel, 50 Misc.2d 238, 269 N.Y.S.2d 756 (Rockland County Ct. 1966).

In the present case the defendants have not come forward with any facts raising an issue with respect to the above statements of Mrs. Mertens in her affidavit. Accordingly, it appears that there is no genuine issue of fact with respect to the absence of contributory negligence on her part.

Although there appears to be no genuine fact issue as to the defendants' negligence and as to proximate cause, sufficient doubt is raised as to the absence of contributory negligence on the part of Robert Mertens to raise an issue of fact. Defendant Schrom concedes that the Mertens' car was entirely on its own side of the road and that the truck, as a result of drifting or swerving across the double yellow line onto the wrong side of the road hit the oncoming Mertens' car. Schrom's testimony is

corroborated by the testimony of Bowles to the effect that the Mertens' car seemed to be entirely on the opposite side of the road. In addition Mrs. Mertens has sworn that the Mertens' car was proceeding at a moderate rate of speed, and defendants have adduced no facts contradicting the foregoing or indicating any possible negligence on Mr. Mertens' part. This evidence standing alone would undoubtedly be sufficient at trial to support a finding that Mr. Mertens was not contributorily negligent. Because he is suffering from retrograde amnesia as a result of the accident, Mertens could not give any sworn statement as to his own conduct immediately prior to the collision and he could not answer interrogatories directed toward ascertaining the distances between the vehicles and the length of time during which defendants' truck was visible on Mertens' side of the road before the collision. Since Mr. Mertens has the burden under New York law of proving freedom from contributory negligence, Taub v. Clinton Taxi Corp., 24 A.D.2d 716, 263 N.Y.S.2d 371 (1965), and any doubts as to the non-existence of a factual issue with respect to contributory negligence must be resolved against him on this motion, his motion must be denied, even though there is sufficient uncontradicted evidence to support a jury's finding of freedom from contributory negligence. If this were a death action, summary judgment in favor of the estate of Robert Mertens would be granted for the reason that the burden would rest upon the defendant to prove contributory negligence. Decedent Estate Law, McKinney's Consol.Laws, c. 13, § 131. The reason for this departure from the New York rule is the inability of the estate to avail itself of the decedent's testimony. Since the same inability exists in the present type of case as a result of the plaintiff's retrograde amnesia, an anomalous situation is presented which would appear to commend itself to the New York State Legislature for consideration in determining whether the burden should not also be shifted in such a case.

In accordance with the provisions of Rule 56(d), this Court has specified herein the facts that appear to be without substantial controversy in Mr. Mertens' action, and the facts so specified shall be deemed established and the trial conducted accordingly.

The motion of Gertrude H. Mertens for summary judgment is granted. The motion of Robert Mertens for summary judgment is denied.

So ordered.