■ HERBERT C. BALDWIN, Appellant, v WILLIAM DEGENHARDT, Respondent.—Harvey, J. Appeal from a judgment of the Supreme Court (Mugglin, J.), entered February 20, 1991 in Delaware County, upon a verdict rendered in favor of defendant.

On July 27, 1987, the parties were involved in a two-vehicle accident on State Route 357, a two-lane road located in Delaware County between the Towns of Unadilla and Franklin. The basic facts preceding the accident were relatively undisputed. Prior to the collision, defendant was driving his dump truck in an easterly direction on Route 357 at the posted speed limit of 55 miles per hour. As he approached a bridge, defendant saw a garbage truck operated by plaintiff pull off onto a side road and then back onto the eastbound lane directly in front of him. Plaintiff admitted that when he pulled out onto Route 357 he did not see another vehicle coming. Plaintiff then proceeded forward in the eastbound lane in second gear at around 15 to 20 miles per hour. At that point, plaintiff's eyewitness testified that he saw defendant apply the brakes but it did not look like he would be able to stop in time. Defendant tried to go around plaintiff's truck by crossing the double yellow solid lines on the left. However, defendant saw a tractor trailer coming at him in the westbound lane so he swung back into his own lane behind plaintiff. He applied his brakes very forcefully in an attempt to avoid hitting plaintiff. At that point, defendant's brakes failed and he was unable to stop. Defendant's vehicle struck plaintiff's vehicle twice in the rear. There was no evidence that defendant had experienced any prior brake failure. Defendant's truck had undergone its State inspection shortly before the accident; the brakes had been inspected and found

to be without defect. Plaintiff sustained injuries as a result of the accident and he commenced this action seeking damages. A jury trial was held, after which the jury returned a verdict of no cause of action in favor of defendant. Plaintiff's request for judgment notwithstanding the verdict was denied and this appeal ensued.

We affirm. Initially, we reject plaintiff's contention that Supreme Court erred in failing to charge the jury that defendant's crossing of the double solid line prior to the collision with plaintiff was a violation of Vehicle and Traffic Law § 1126 (a) and, therefore, negligence per se. At the outset we note that it is not clear that plaintiff, a driver in the same lane as defendant, was included in the class of persons sought to be protected by the statute *(see,* 79 NY Jur 2d, Negligence, § 61, at 388-389), namely drivers in the opposite lane *(see, Jemison v Goodman,* 49 AD2d 1011, 1012; *cf., Mertens v Agway, Inc.,* 278 F Supp 95, 99-100). Nevertheless, "even where the person claiming damages does not fall within the scope of the statutory protection, the violation of the statute, if otherwise relevant, is evidence of negligence which the jury may consider in conjunction with all other relevant proven facts" (79 NY Jur 2d, Negligence, § 61, at 389). For the violation of a statute to be relevant for the jury to consider, however, it must be found to be a proximate cause of the accident *(see, Sewar v Gagliardi Bros. Serv.,* 69 AD2d 281, 289, *affd* 51 NY2d 752). Here, there was no question that defendant did not hit a vehicle in the opposite lane of traffic and was actually in his own proper lane of traffic at the time the collision occurred. We do not find that it was reversible error for Supreme Court to have refused to charge this statute. The jury could have found that the manner in which plaintiff entered the highway was the precipitating cause of what defendant did.

Finally, plaintiff argues that Supreme Court improperly refused to allow Charles Reynolds, an auto repair shop owner, to testify as an expert at trial regarding defendant's brake line failure. We disagree. Supreme Court refused this request because plaintiff listed Reynolds' name as a mere "witness" and not as an "expert witness" in violation of the disclosure requirements of CPLR 3101 (d) (1) (i). While there was no evidence that plaintiff's omission was intentional or deliberate *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:29A, at 47), in this case we find no abuse of the court's discretion. It was conceded at oral argu-

ment that plaintiff made no formal offer of proof to Supreme Court with respect to the nature of any proposed expert testimony. There seems to be no disagreement, however, concerning the discussion in chambers among the attorneys and the court that plaintiff planned to call upon Reynolds to testify that the sudden and forceful application of brakes caused the brake failure by rupturing a hydraulic line. Because such testimony would have been contrary to the general perception that forceful application of brakes creates no danger of failure, Supreme Court properly declined to allow Reynolds' testimony without advance notice of the nature of the testimony and Reynolds' expertise in that field of mechanical engineering.

Mercure and Mahoney, JJ., concur.

Yesawich Jr., J. P. (dissenting). We respectfully dissent.

It is undisputed that immediately prior to the accident, defendant crossed a double, solid yellow line in an attempt to pass plaintiff's vehicle. Although plaintiff presented evidence from which the jury could have found that defendant's conduct in illegally attempting to pass—into, as it developed, the path of oncoming traffic—placed him in a position where he was constrained to apply his brakes forcefully, causing them to fail, Supreme Court's refusal to charge that negligence could be inferred from defendant's violation of the Vehicle and Traffic Law effectively and improperly, in our view, foreclosed the jury from concluding that defendant was answerable for his misconduct.

The majority seems to have determined, as a matter of law, that defendant's conduct was not a proximate cause of the ensuing accident; however, where, as here, plaintiff has made a prima facie showing that defendant was negligent, the questions of proximate cause and the foreseeability of intervening events (e.g., the brake failure) are properly left for the trier of fact to resolve *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 314-315; *see also, Sewar v Gagliardi Bros. Serv.,* 69 AD2d 281, 289, *affd* 51 NY2d 752). And, while it is true, as the majority speculates, that the jury could have found that plaintiff's entry onto the highway was the precipitating cause of the accident, it does not appear—the verdict sheet is not in the record—that the jury even reached the issue of proximate cause. Indeed, all the record indicates is that the jury decided that defendant was not negligent. Had the jury been made aware that negligence could be inferred from defendant's

traffic law transgression, and had it so found, it could have reasonably determined that defendant's unlawful attempt to pass plaintiff's vehicle necessarily shortened the time and distance available for stopping, and that defendant's conduct was therefore a substantial factor in causing the accident. Accordingly, we would reverse and remit to Supreme Court for a new trial.

Levine, J., concurs. Ordered that the judgment is affirmed, with costs.